# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

V.                                              Indictment: 1:20-CR-103-TWT

BANGALLY TOURAY,

DEFENDANT.

## DEFENDANT'S MOTION TO SUPPRESS SEARCH AND SEIZURE OF DEFENDANT AND HIS CELL PHONE AT UNITED STATES BORDER

Defendant BANGALLY TOURAY (TOURAY), by and through undersigned counsel, respectfully moves this Honorable Court pursuant to Federal Criminal Rule of Criminal Procedure 12, 41, and 47, and the Fourth, Fifth, and Sixth Amendments and the Due Process Clause of the United States Constitution, to suppress the items seized from TOURAY, his cell phone, and the contents therein, seized by the government pursuant to an unlawful border search of TOURAY.  This motion is made due to the fact that the search and seizure lacked probable cause and reasonableness under the Fourth Amendment of the U.S. Constitution.  In support thereof counsel states the following:

## FACTS

Defendant TOURAY has been charged in an indictment with conspiracy to launder money in support of drug trafficking (Doc. 38).  The government alleges that between September 2, 2017 and February 11, 2020, TOURAY and his co-defendants conspired to launder money in the Northern District of Georgia and elsewhere in the United States.  On May 12, 2019, TOURAY went to John F. Kennedy International Airport in New York City, New York.  TOURAY was scheduled to depart from New York City (NYC) to Brussels, Belgium, and then from Brussels to Banjul, Gambia.   Homeland Security Investigations (HSI) Special Agent Daniel SYMONDS and officers with the U.S. Customs and Border Protection (CBP) seized TOURAY as he attempted to board the flight departing from NYC to Belgium.  During the seizure, officers discovered envelope with $13,000.00.  Officers also confiscated TOURAY's Samsung Galaxy S6 cell phone, however, the passcode to unlock the cell phone did not work.

Subsequently, on May 16, 2019, Special Agent DEVANE successfully disabled the phone's locking mechanism by using the Cellebrite software. DEVANE then conducted a manual search of the phone.  DEVANE did not have a search warrant authorizing the search of TOURAY's cell phone.  During the search of the phone, DEVANE located a text message to a contact named "Ja3."[1]  The

---

[1] SA Devane believes "Ja3" is a co-conspirator of TOURAY.

message contained a photograph of a DHS chain of custody receipt (No. 6792687). This receipt reflected the seizure of $66,000.00 from TOURAY on March 26, 2019.  The Government now offers this evidence collected from this search and seizure of TOURAY in support of their case against him.

## AUTHORITY

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. Amend. IV. "Probable cause for a search exists when under the totality of the circumstances 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *U.S. v. Goddard*, 312 F.3d 1360 (11th Cir., 2002), *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).   The Supreme Court sets forth a two-part standard for when a Fourth Amendment search has occurred: (1) the individual has "manifested a subjective expectation of privacy" in the thing searched; and (2) "society is willing to recognize that expectation as reasonable." *Kyllo v. United States*, 533 U.S. 27, 33 (2001).

"Since the founding of our Republic, Congress has granted the Executive plenary authority to conduct routine searches and seizures at the border, without

probable cause or a warrant, in order to…prevent the *introduction of contraband into this country* [emphasis added]." *United States v. Montoya De Hernandez*, 473 U.S. 531, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985), *See United States v. Ramsey*, 431 U.S. 606, 616-617, 97 S.Ct. 1972, 1978-1979, 52 L.Ed.2d 617 (1977). "This Court has long recognized Congress' power to police *entrants* [emphasis added] at the border." *United States v. Montoya De Hernandez,* 473 U.S. 531, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985), *See Boyd v. United States*, 116 U.S. 616, 623, 6 S.Ct. 524, 528, 29 L.Ed. 746 (1886).

"[A] warrant is generally required before such a search [of a cell phone], even when a cell phone is seized incident to arrest." Riley v. California, 134 S.Ct. 2473, 189 L.Ed.2d 430, 82 USLW 4558 (2014).  "Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant." *Riley v. California*, 134 S.Ct. 2473, 189 L.Ed.2d 430, 82 USLW 4558 (2014).

## STANDING

"[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *United States v. Barber*, 777 F.3d 1303 (11th Cir., 2015), *citing Minnesota v. Carter*, 525 U.S. 83, 88, 119 S.Ct. 469, 472, 142 L.Ed.2d 373 (1998)."

TOURAY has a personal expectation of privacy because he is the person seized and searched, and the Samsung Galaxy S6 cell phone belongs to him. TOURAY's expectation of privacy in his person and cell phone is reasonable and is one that society recognizes as reasonable as laid out in the *Riley* case. A person's cell phone contains "the privacies of life," and that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought. *Riley v. California*, 134 S.Ct. 2473, 189 L.Ed.2d 430, 82 USLW 4558 (2014). TOURAY has standing under the Fourth Amendment to challenge the search of his person and cell phone.

## **CONCLUSION**

TOURAY's seizure at JFK airport was not reasonable and furthermore, the seizure of his cell phone and forensic search of it was without a warrant as required by the *Riley* case.

Wherefore, the defendant moves that this court conduct an evidentiary hearing on these matters, allow counsel to brief the issue post-evidentiary hearing, and exclude the evidence from the search of TOURAY and his cell phone.

Respectfully submitted,


/s/Michael Saul


Michael H. Saul 627025
Attorney for Defendant
P.O. Box 4504
301 Washington Avenue
Marietta, Georgia, 30061
404-281-1542


/s/Michael T. Ross
Michael T. Ross
Bar No. 763334
Attorney for Defendant
301 Washington Ave
Marietta, GA 30060
770-722-3661

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that I caused the attached motion to be served electronically to the United States and to the attorneys for the other parties.

This December 3, 2020

Respectfully submitted,

/s/Michael Saul

Michael H. Saul Bar No. 627025
Attorney for Bangally Touray
P.O. Box 4504
301 Washington Avenue
Marietta, Georgia, 30061
404-281-1542

/s/Michael T. Ross
Michael T. Ross
Bar No. 763334
Attorney for Defendant
301 Washington Ave
Marietta, GA 30060
770-722-3661